## JOSEPH H. HAMBEL et al., Appellants, v. HORACE LOWRY.

### Division One, March 2, 1915.

1. **QUIETING TITLE: Affidavit to Petition: Upon Information and Belief.** Where facts are stated positively in a petition to quiet title, an affidavit in which affiants swear that "the facts stated in the foregoing petition are true according to the best knowledge, information and belief of these affiants," is sufficient.

2. ————: ————: **Venue: No Scilicet.** Although the affidavit to the petition to quiet title does not contain any scilicet, yet if the seal and written words following it show that the oath was administered by a named notary public, of a named county and State, it sufficiently shows where the affidavit was made, for the presumption is that the oath was administered within the notary's jurisdiction.

3. ————: **Defendants: Person and His Unknown Heirs.** Under the statute, prior to its amendment in 1909, a person and his unknown heirs could be joined as defendants in the same suit to quiet title.

4. ———: ———: **As Both Heirs and Devisees.** A petition to quiet title is not defective because it alleges that if a certain person be dead then the title and estate claimed by him in said land is now claimed by "his heirs and devisees." The effect is to include all persons claiming as heirs and all persons claiming as devisees.

5. ———: **Unknown Heirs: Sufficient Allegation.** A petition stating that Hambel if living claims some interest or title in the land, and if he be dead "then the title, interest or estate claimed by him in said real estate is claimed by his heirs and devisees, *if any he left surviving him;* that the names of such heirs and devisees, if any there be, are to this plaintiff unknown, and for that reason cannot be inserted herein," is not insufficient on the theory that it does not state there are, or that plaintiff verily believes there are, persons interested in the subject-matter whose names cannot be stated because they are unknown to him. The allegations did not mislead.

6. ———: **Order of Publication: Description of Interest, Etc.** An order of publication reciting that "plaintiff further alleges in its petition, under oath, that it verily believes that there are persons interested in the subject-matter of the petition, whose names it cannot insert therein, because they are unknown to it; that the interest of unknown persons is derived by devise and descent from the said Charles Hambel, deceased, so far as the knowledge of plaintiff extends as to such interest and the manner in which the same is derived," contains a sufficient description of the character, extent and derivation of the interest of the unknown defendant. It contains all the description that was within plaintiff's knowledge, and that is enough.

7. ———: ———: ———: **Derivation and Character.** The statute prescribes no set form of words for describing the interest of unknown heirs, or its derivation, or plaintiff's lack of knowledge of it; but its purpose is that both the petition and publication shall be so drawn as to convey the facts concerning the character of the interest to the defendant, so far as plaintiff's knowledge extends; and when that is done, in both petition and publication, the description is sufficient. If the publication states that plaintiff does not know the character of defendant's interest or claim and all that he does know of it is that it is derived by devise or descent from a certain person, an omission of a formal statement that plaintiff does not describe defendants' interest or claim more fully because the nature and extent of such interest is unknown to him, is not a substantial omission.

8. ———: ———: ———: **Collateral Attack.** If the order of publication in the suit to quiet title, directly or by necessary inference, includes all requisite facts, and the only objection

that can be urged against it is informalities in the manner and order of stating those requisite facts, it is sufficient as against collateral attack—for instance, in a subsequent suit by the "unknown" defendants to quiet the title.

9. ———: ———: ———: In Language of Petition. It is not necessary that the publication contain all the allegations of the petition concerning the interests of the unknown defendants. If it is the same in meaning, and advises defendants of the identical facts the petition alleges, though it does not do so in the petition's identical words, it sufficiently describes their interest and its derivation, if the petition does.

Appeal from Carter Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Orchard & Cunningham* for appellants.

(1)  The petition introduced in evidence is insufficient to give the court or the clerk in vacation jurisdiction to issue an order of publication as to unknown interested parties; in other words, there is no sufficient allegation under the statute as to unknown interested parties. R. S. 1899, sec. 580. The petition in this case does not allege or state that there are unknown interested parties, setting out their interest and how derived; in fact plaintiff states it has no knowledge of whether there are unknown interested parties or not, nor what their interests are; it states if William Smith be dead, plaintiff has no knowledge sufficient to form a belief and if he be dead, then the title, interest or estate claimed by him in said real estate is derived by his heirs and devisees, if any he left surviving him; that the names of such heirs and devisees, if any there be, are to this plaintiff unknown and for that reason cannot be inserted herein; that such heirs and devisees, if any there be, derive their interest in said real estate through devise or descent from said William Smith, deceased, etc.  The same statement is made as to each of the

other defendants; this allegation we contend is not sufficient to confer jurisdiction. State ex rel. v. Slatey, 76 Mo. 158; Quigley v. Bank, 80 Mo. 296; Land & Mining Co. v. Land & Cattle Co., 187 Mo. 437; Davis v. Montgomery, 205 Mo. 271, l. c. 283. (2) The affidavit to the petition is not sufficient and gave the clerk no jurisdiction to issue an order of publication. There is nothing to show where this affidavit was made. It simply says John E. Burchard and David D. Forbes being duly sworn, etc. Before whom they were sworn and by what officer and in what county and State, is not mentioned. The mere fact the notary stated subscribed and sworn to, etc., and signed his name as notary public Ramsey county, Minnesota, is no aid to the affidavit that should have been made and attached to the petition. The affiants do not swear that the contents of the petition are true, but say to the best knowledge, information and belief of the affiants, which is no affidavit. (3) The order of publication is void and did not give the court jurisdiction to enter judgment in said cause, and the judgment is void. The order of publication does not recite all the allegations of the petition in relation to the interest of the unknown parties, which was required by the statutes in force at that time (R. S. 1899, sec. 580), and this is mandatory, and unless done the court has no jurisdiction to proceed further. State ex rel. v. Staley, 76 Mo. 160; Quigley v. Bank, 80 Mo. 296; Davis v. Montgomery, 205 Mo. 282. (4) The suit is against certain defendants dead or alive, and then an attempt is made to sue their unknown heirs, which was not permissible under the law at that time, and the law at the time the suit was filed did not authorize a suit against a person if alive or if dead, against his unknown heirs or devisees, and the Legislature so construed said statute by the Act of 1909, p. 338, now Sec. 1776, R. S. 1909.

*Garry H. Yount* and *Louis F. Dinning* for respondent.

(1) The petition introduced in evidence is sufficient to give the court or clerk in vacation jurisdiction to issue an order of publication as to unknown interested parties. Secs. 1776, 1828, R. S. 1909; Fleming v. Tatum, 232 Mo. 678. (2) Sec. 1776, R. S. 1909, has not changed Sec. 580, R. S. 1899, so far as the same applies to the facts in this case. (3) The point made by appellant, that the affidavit does not show where it is made nor before whom made is not well taken. Avery v. Good, 114 Mo. 296; Mercantile Co. v. Burrell, 66 Mo. App. 117. (4) The petition correctly describes the interest of the defendant to the land in controversy. Huff v. Land & Imp. Co., 157 Mo. 65.

BLAIR, J.—This is a suit, under section 2535, Revised Statutes 1909, to quiet title. The petition is in usual form. The answer denies that plaintiffs own the the land, averring that defendant owns it, and praying that the court try and ascertain the title to the land (the southeast quarter of section 29, township 27, range 3 east) and decree title in defendant. Judgment went for defendant, and plaintiffs appealed.

Plaintiffs are the heirs at law of Charles Hambel, who died in 1874. Defendant claims under the Southwest Land & Orchard Company, and it is admitted he has acquired all title that company acquired or could claim under a judgment in its favor in a suit to quiet title brought by it in 1907 against Charles Hambel and the unknown heirs of Charles Hambel, deceased, and others. Plaintiffs contend that judgment is a nullity. Several reasons are urged.

That portion of the petition in that case which is relevant to questions raised on this appeal is as follows:

Hambel v. Lowry.

"Plaintiff further states that the defendant Charles Hambel, if living, claims some title, interest or estate in and to said real estate the exact nature and extent of which claim is to this plaintiff unknown and for that reason cannot be set out herein, except that such claim is adverse to the interest and estate of plaintiff in said real estate; but, whether the said Charles Hambel be living or dead, this plaintiff has no knowledge or information sufficient to form a belief; and if he be dead, then the title, interest or estate claimed by him in said real estate, is claimed by his heirs and devisees, if any he left surviving him; that the names of such heirs and devisees, if any there be, are to this plaintiff unknown and for that reason cannot be inserted herein; that such heirs and devisees, if any there be, derive their interest in said real estate through devise or descent from the said Charles Hambel, deceased."

To that petition was appended an affidavit which concludes as follows: "That the facts stated in the foregoing petition are true according to the best knowledge, information and belief of these affiants." Below the signature of affiants appears the following: "Subscribed and sworn to before me this 5th day of February, 1907.    My commission expires January 26, 1911." The officer administering the oath signs himself as S. J. Burchard, notary public, Ramsey county, Minnesota, and affixes his seal, which is that of a notary public in and for Ramsey county, Minnesota.

That portion of the order of publication in the mentioned case which is pertinent to the issues here is as follows:

"Plaintiff further alleges in its petition, under oath, that it verily believes that there are persons interested in the subject-matter of the petition, whose names it cannot insert therein, because they are unknown to it; that the interest of unknown persons is derived by devise and descent from the said . . . Charles

Hambel, . . . deceased; so far as the knowledge of plaintiff extends as to such interest and the manner in which the same is derived.''

The remainder of the order is in the usual form.

Appellants contend that for several reasons the judgment in The Southwest Land & Orchard Company case is a nullity and that, as a consequence, defendant's title, depending upon that judgment, is worthless.

I. It is insisted the affidavit to the petition in the former suit is insufficient because (1) it is made upon information and belief, and (2) it does not show where it was made.

**Affidavit.**

(a) In a tax suit a collector's affidavit that he ''has good reason to believe and does believe'' that the defendant was a nonresident has been held a substantial compliance with the statute requiring an affidavit of non-residence as a condition precedent to the making of an order of publication. [Allen v. Ray, 96 Mo. l. c. 545.] In this connection both reason and authority support the view that in case facts are stated positively and affiant swears ''he verily believes them to be true'' or that ''they are true to the best of his information and belief,'' this is no more than is implied in case the oath is not so qualified. ''The general rule is that an oath taken before a competent officer merely verifies the truth of the facts stated, according to the best knowledge, information and belief of affiant.'' It is understood to be so even in case of an affirmation positive in form. [Pratt v. Stevens, 94 N. Y. 387; Leigh v. Green, 64 Neb. l. c. 536; Colton v. Rupert, 60 Mich. l. c. 326.]

The attack upon the judgment being collateral, it would seem unnecessary to discuss this question save for some supposed confusion in the authorities arising from an occasional failure to distinguish between making oath to *facts* upon best information and belief and merely swearing to a *belief*.

(b) The contention that the venue was not stated in connection with the affidavit is untenable in fact as well as law. True, no formal "State of Minnesota, County of Ramsey, ss," appears, but the seal and written words following the officer's signature show that the oath was administered by a named notary public of Ramsey county, Minnesota, and the presumption is that the oath was administered within his jurisdiction. This was sufficient. [Avery v. Good, 114 Mo. l. c. 296.]

II. The next contention is that under the law as it was when the former suit was instituted (1907) a person and his unknown heirs could not be joined in the same suit. In the case of Fleming v. Tatum, 232 Mo. l. c. 686 et seq., it was held that a petition and order of publication describing defendants as "David Fleming, if living, or, if dead, his unknown heirs or devisees" was sufficient. The reasons given in that case meet the objections in this in this connection, and the fact that the Legislature in 1909 amended the statute (Sec. 1776, R. S. 1909) so as to incorporate (among other things) in detail and in specific terms the meaning it had already been construed to have in this respect is no ground for concluding that it formerly had no such meaning. Legislative construction is frequently of value, but we do not deem this principle applicable in the circumstances of this case.

*Unknown Heirs.*

III. The petition in the former case alleged that the unknown persons claimed as "heirs and devisees" and this is assigned as a fatal defect, it being insisted that one cannot claim both as heir and devisee. So far as concerns this contention it is clear that the omission of either the word 'heir" or "devisee" would have left the petition good as against the class defined by the word which

*Both Heirs and Devisees.*

remained.  The effect of using both terms was simply
to include as defendants all persons claiming as heirs
and all claiming as devisees.  There might have been
both heirs and devisees.  The same person might have
claimed in both capacities.  If there were both heirs
and devisees, they were both included; and if there was
only one class, that class was included, and the other .
term was simply surplusage.

IV.  The petition in the former case was sufficient
as against collateral attack, under the decision in

**Pleading.**

Fleming v. Tatum, 232 Mo. l. c. 689.  While
the petition attacked in this case logically
goes no further than the petition discussed in that, yet
it does contain a specific statement that the nature and
extent of Charles Hambel's claim is unknown to plain-
tiff and cannot, for that reason, be set out, except that
it is adverse to plaintiff.  It then proceeds to state
that the interests of the unknown defendants is de-
rived by devise and descent from Charles Hambel.
The criticism of the petition, that it does not state that
there are, or plaintiff verily believes there are, persons
interested in the subject-matter of the petition whose
names cannot be stated because they are unknown to
plaintiff, is answered by the language of the petition.
The contention is that the petition neither states that
there are nor that plaintiff verily believes there are
such persons.

The allegation is that if he, Charles Hambel, is
dead, ''then the title, interest or estate claimed by him
in said real estate is claimed by his heirs and devisees,
if any he left surviving him,'' etc.  The words ''if any
he left surviving him'' furnish the basis for this con-
tention.

We think the substantial effect of the entire allega-
tion is that plaintiff charges that the heirs and devi-
sees of Charles Hambel, as such, claim whatever inter-
est in the estate Charles Hambel had or claimed, pro-

vided Hambel is dead. An analogous question was passed upon in Fleming v. Tatum, supra, l. c. 686 et seq. This court there held that the uncertainty in the petition as to whether David Fleming was dead or living (and, therefore, whether he had surviving heirs) could not have misled either Fleming, if living, or his heirs, if he was dead, and said: "We hold that the name and description of the defendants, 'David Fleming, if living, or, if dead, his unknown heirs or devisees,' as contained in the petition and in the order of publication, are sufficient."

There seems to be no good reason for departing from this holding. Even a positive allegation that there are unknown persons interested in the subject-matter of the petition and that they are the heirs of another person necessarily implies the qualification that such unknown persons claim as heirs and devisees only in case they survived the testator or ancestor. As indicated in the case cited, a statement of this qualification could not have misled.

Other objections to the petition are made but are fully covered in what is said in a succeeding paragraph concerning the sufficiency of the order of publication as published.

V. The order of publication is attacked upon the ground that there is no sufficient description of the character, extent or derivation of the interest of the unknown defendants. The pertinent portion of the publication is set out above. Its quoted recitals actually mean, when given their natural significance, "that the interest of the unknown persons, and how derived, so far as plaintiff's knowledge extends, is an interest as heirs and devisees of Charles Hambel." It is equivalent to a statement that plaintiff is describing both the interest and its derivation as far as he can and his

**Publication: Description of Interest.**

264Mo12

knowledge goes, and that the description given is given to the extent of his knowledge, both as to the interest and the manner in which it was derived.

In Fleming v. Tatum, 232 Mo. 1. c. 689, the allegations in a petition were attacked upon the same grounds upon which the order of publication is attacked here. The petition considered in that case, so far as it described the "interests of unknown persons and how derived," was as follows:

"And that the interest of such persons and how derived, so far as the knowledge of affiant extends, are truly described as follows, viz.:    That if said David Fleming be dead, his unknown heirs or devisees claim, or might claim, an interest or right in said land by descent, inheritance, devise or operation of law."

This Division of this court, all concurring, unhesitatingly held that this was a sufficient description of the interest and derivation of the interest of the unknown persons.

It is not perceived that there is any substantial difference between the allegations of the petition considered in that case and the recitals of the publication in this.   The purpose of the publication was to notify the defendants of the suit, and the requirement of the statute is that the petition and the publication following it shall describe the interest and the derivation of the interest of the unknown defendants so far as plaintiff's knowledge extends.   It is indisputable that a suit to quiet title can be maintained against a defendant, the nature, extent and derivation of whose interest or claim is unknown to plaintiff and that this is as possible in suits in which service is had by publication as when it is had by summons.

It is also true that the statute prescribes no set form of words for describing such an interest or its derivation or plaintiff's lack of knowledge of it.   The purpose of the statute is that the petition and publication shall be so drawn as to convey the facts, so far as

plaintiff's knowledge extends, concerning the character of such interest and its derivation, to the defendant sought to be affected. The forms of expression are not vital. In the publication here being considered, that portion assailed, when given its natural meaning, states, in substance, that plaintiff does not know the character of defendant's interest or claim and all that he does know of its derivation is that it is derived by devise and descent, etc. The omission of a formal statement that plaintiff did not describe defendant's interest more fully because the nature and extent of such interest was unknown to it, was not a substantial omission, since the statement of lack of further knowledge is the real substance of that formula, and that statement is made, as we understand the publication. The statement that all plaintiff knew of the character and derivation of defendants' interest was that it was derived by devise and descent from named persons is equivalent to an avowal of lack of other knowledge. The publication showing, therefore, that plaintiff stated all he knew concerning the character, nature, extent and derivation of the unknown defendants' interest, it would be remarkable if the publication should be held a nullity because it did not contain a formal statement that plaintiff's failure to set forth a fuller description of the interests was due to lack of further knowledge, which he, in effect, stated he did not have. This would be to require that the publication should have, in effect, set forth that the reason plaintiff did not more fully state things which he had stated he did not know was that he did not know them.

It is true that strict compliance with the statute is necessary, as held in the cases cited in the briefs which accompany this opinion, but it is not true, on collateral attack, that where there is a compliance, in that the facts appear, the mere failure to follow the statutory order and method of statement is a fatal defect, if a defect at all.

We hold that at least on collateral attack, such as in this case, informalities in the manner and order, only, of stating the facts requisite under the statute in such notice and the petition in the case do not render such notice a nullity and avoid the judgment.

Also, we hold that in case such a notice, directly or by necessary inference, includes all requisite facts, it is sufficient as against collateral attack.

There is ample support for this conclusion in the decisions: Jasper Co. v. Wadlow, 82 Mo. l. c. 179; Charley v. Kelley, 120 Mo. l. c. 142; Brawley v. Ranney, 67 Mo. l. c. 283; Cruzen v. Stephens, 123 Mo. l. c. 345; Brickell v. Farrell, 82 Fed. l. c. 223; Smith v. Pomeroy, 2 Dill. l. c. 420; Quarl v. Abbett, 102 Ind. l. c. 240; Ballew v. Young, 24 Okla. l. c. 190; Norris v. Robbins, 83 Kan. l. c. 342. These cases are cited in support of the position above stated, and not as indicating that we indorse, in full, the doctrine stated in some of those from other jurisdictions.

The decision in Land & Mining Co. v. Land & Cattle Co., 187 Mo. l. c. 438, is not in conflict with the above conclusion. The opinion was written by VALLIANT, J., who wrote that in Fleming v. Tatum, supra. In the Land & Mining Company case there was an entire failure to describe in any way the interest of the unknown defendants except to say it was derived from Lee and others. Neither was it stated, directly or inferentially, that this omission was due to a want of knowledge, and this the court in that case pointed out. Neither was there any allegation (as there is, in substance, in this case) that the description contained all the information plaintiff had, both as to the interest and its derivation.

In Davis v. Montgomery, 205 Mo. l. c. 282 et seq., this court held insufficient the allegation "that one Robert C. Hayes was the owner at the time of his death of the above-described premises and real estate and his heirs are now the owners thereof and they are

unknown to plaintiff, for which reason their names cannot be inserted in this petition." The court said that the petition was "perfectly silent" upon the matter of the description of the interest of the unknown persons. It was alleged that the unknown persons were "the owners" of the property, which description of interest has been held sufficient under our statute by one of the Federal courts. [Brickell v. Farrell, 82 Fed. l. c. 223.] It is possible to distinguish this case, however, and a discussion of the conflict of opinion between the two cited may be thus avoided.

In the publication attacked in the case at bar there is a sufficient description of the interest of the unknown defendants, i. e., all the description which was within plaintiff's knowledge, at the time the oath was made, which is all the statute requires in any case. The statute, as above stated, does not exclude from its operation cases in which plaintiff has no knowledge at all of the character of the interest of unknown defendants but, by clear implication, includes them, providing that the description shall be made "so far as plaintiff's knowledge extends," and includes all cases, be plaintiff's knowledge all or nothing. What the statute includes we shall not exclude. [Huff v. Land & Imp. Co., 157 Mo. 65.]

It is clear that in Davis v. Montgomery, supra, there was no effort to describe the manner in which the interests of the unknown defendants were derived. It was not stated that they took by devise or inheritance from their testator or ancestor, but merely that they were the heirs of Hayes and that they owned the land which he had owned at the time of his death. They might have acquired the land at a sale to pay debts or at a tax sale. There was no statement, direct or inferential, that the description given contained all the facts within plaintiff's knowledge concerning it. In these respects the case of Davis v. Montgomery, supra, is unlike that at bar.

It is also urged that the publication was and is void for the reason that it does not contain all the allegations of the petition concerning the interests of the unknown defendant.

We have above indicated our understanding of the actual meaning of the recitals of the order of publication. In meaning, in sense, the publication followed the petition, thus conforming to the statutory requirement. It cannot be that a publication is to be held absolutely void on collateral attack when it advises defendant of the identical facts the petition alleges, though it does not do so in the identical words of the petition. The real purpose of the statute is that the published notice shall advise the unknown defendant of the facts the petition alleges in describing his interest and its derivation, not that the form of the allegation is unvaryingly to be preserved. There is no peculiar sanctity in form. Notice of the facts alleged is the essential thing.

VI. In the circumstances we hold the judgment in the Southwest Land and Orchard Company case valid as against collateral attack. It follows that, under the admission that defendant now has all the title acquired by plaintiff in that judgment, the judgment in the case at bar is right and must be affirmed. All concur.