DOANE *v.* PERE MARQUETTE RAILWAY CO.

1. TAXATION—EXEMPTION NOT FAVORED.
   Exemptions from taxation are not favored.

2. DRAINS—TAXATION—RAILROAD RIGHT OF WAY NOT EXEMPT FROM
   TAXATION FOR DRAIN OUTSIDE CORPORATE LIMITS.
   Since the track and right of way of a railroad company situated
   outside corporate limits of city or village was liable to assess-
   ment for benefits for construction of public drain prior to
   enactment of Act No. 320, Pub. Acts 1909, omission of refer-
   ence to such right of way in Act No. 185, Pub. Acts 1911,
   amending Act No. 320, did not relieve it from such tax; no
   special provision therefor in statute being necessary to support
   levy of such tax, which is not general tax within meaning of
   term as used in 1 Comp. Laws 1915, § 4001, subd. 8, exempting
   railroads paying specific tax from payment of general taxes.

Case-made from Ingham; Carr (Leland W.), J.
Submitted June 19, 1929. (Docket No. 38, Calen-
dar No. 34,326.) Decided July 8, 1929.

Assumpsit by Lloyd Doane, drain commissioner,
against Pere Marquette Railway Company, for the
collection of a special assessment levied for drain
construction. From a judgment for plaintiff, de-
fendant brings case-made. Affirmed.

*John W. Bird* and *Dan D. McCullough,* for plain-
tiff.

*Thomas, Shields & Silsbee,* for defendant.

SHARPE, J. The question here presented is thus
stated by counsel for the appellant:

As to liability of railroad right of way to assessment for public
improvements, see annotation in 28 L. R. A. 249; 12 L. R. A.
(N. S.) 112; 40 L. R. A. (N. S.) 935.

"Is the track and right of way of the defendant company situated outside the corporate limits of a city or village liable to assessment for benefits for construction of a public drain, or is such track and right of way exempt from such taxation?"

Prior to 1909 the drain law provided that the commissioner should include in his assessment for benefits all property through which a proposed drain should run. 2 Comp. Laws 1897, § 4344. This law was amended by Act No. 320, Pub. Acts 1909. Section 1 of chapter 5 provided for apportionment of the per cent. of benefit "to accrue to any piece or parcel of land, or right of way of any railway or railroad company, telephone or telegraph company, by reason of the construction of such drain," etc. The law was again amended by Act No. 185, Pub. Acts 1911. Section 1, after providing for the assessment of a stated per cent. thereof upon the entire township, contained a similar provision to that in Act No. 320, except that all reference to the land or right of way of railroad, telephone, or telegraph companies was omitted therefrom. This section was again amended by Act No. 202, Pub. Acts 1915, in a manner not material to the issue here presented.

The general tax law (1 Comp. Laws 1915, § 4001, subd. 8) exempts the track, right of way, etc., of railway companies paying a specific tax from "taxation for any purpose, except that the same shall be subject to special assessments for local improvements in cities and villages." The railroad property on which the drain tax here sought to be recovered was assessed is in the township of Lansing, in Ingham county, and without the limits of any city or village.

Counsel for appellant contend that, as 2 Comp. Laws 1897, § 4344, was silent as to the right to im-

pose a drain tax on railroad property, and as such property was included in the act of 1909, its omission from the act of 1911, when read in connection with the above provision from the general tax law, clearly exempts such property from the payment of the tax in question.

It is axiomatic that all property, unless specially exempted, shall bear its fair share · of taxation. Under the general tax law a specific tax is collected from railroads. This takes the place of the general taxes spread upon other property to pay governmental expenses. Special assessments for local improvements in cities and villages are not general taxes within the meaning of that term as used in our tax laws, and no special provision therefor in a statute is necessary to support the levy of such a tax. *Blake* v. *Metropolitan Chain Stores, ante,* p. 73, and cases cited. It is conceded in the agreed statement of facts that the defendant's right of way on which this drain tax was spread, "if not exempt is subject to the aforesaid assessment in the sum of $359, and is benefited in that amount by this improvement." To relieve the defendant therefrom is to exempt its property from payment of its fair share of the cost of this improvement and thereby to increase the cost to other property benefited thereby. We cannot conceive why the legislative act of 1909 contained the reference to railroad property. It in no way increased the liability for such an assessment theretofore resting on such property. We think it may fairly be inferred that when this section was again considered by the legislature in 1911 it was apparent that this language was superfluous, and that its omission may be thus accounted for. Exemptions from taxation are not favored. As was said by the trial court:

"While, of course, it lies within the power of the legislature to create an exemption from such special assessment, any such grant must be thoroughly and definitely expressed. The general rule is that any exemption from any form of taxation will be strictly construed. In 37 Cyc. p. 892, it is said:

" 'Such a privilege or immunity cannot be made out ·by inference or implication, but must be conferred in terms too clear and plain to be mistaken, and in fact admitting of no reasonable doubt, and where it exists it should be carefully scrutinized and not permitted to extend either in scope or duration beyond what the terms of the concession clearly require.' "

To relieve defendant's property from this tax we must imply an intent on the part of the legislature to exempt it by the omission in the act of 1911 of the provision in that of 1909. Its property was liable for such a tax prior to the act of 1909, it was liable under that act, and is, in our opinion, still liable under the act of 1911.

The judgment is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.