BALLOR v CITY OF FRASER

1. TAXATION—RECOVERY OF TAXES—ALTERNATIVE REMEDIES—STATUTES.

   The circuit court has jurisdiction to entertain a taxpayer's suit to recover taxes paid under protest even though the taxpayer has not appealed to the State Tax Commission and therefore has failed to exhaust his administrative remedies because the Legislature has given taxpayers alternate remedies by statute (MCLA 211.53, 211.152).

2. TAXATION—STATUTES—ADMINISTRATIVE CONSTRUCTION.

   An interpretation of a statute contained in a State Tax Commission bulletin does not preclude a court from finding a different interpretation as a matter of law.

3. TAXATION—AIRPORTS—EXEMPTION—STATUTES.

   The statute extending a tax exemption to that area of an airport available to the public without charge as a "landing area" refers to the part of the airport which is presently properly cleared, graded, mowed, and regularly maintained for the use giving rise to the exemption (MCLA 211.7).

4. TAXATION—AIRPORTS—EXEMPTION—EVIDENCE—APPEAL AND ERROR.

   The trial court's finding that an airport was entitled to a tax exemption only for an area which would meet the minimum standards of the Aeronautics Commission for a landing area was clearly erroneous, since the exemption statute does not refer to the minimum size of the landing area and since the uncontroverted testimony indicated that the entire airport, except for a wooded area and hanger area, was mowed and used by the public for landing, taking off, and taxiing, and was therefore available to the public within the meaning of the statute (MCLA 211.7).

Appeal from Macomb, Walter P. Cynar, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 1168–1170.
[2] 51 Am Jur, Taxation § 317.
[3, 4] 51 Am Jur, Taxation § 388.

mitted Division 2 December 4, 1972, at Detroit. (Docket No. 13791.) Decided March 28, 1973.

Complaint by William J. Ballor and Arleen Ballor and Fairland, Inc., against the City of Fraser and Robert Zimmerman, its treasurer, to recover property taxes paid under protest. Partial refund ordered. Plaintiffs appeal. Reversed and remanded with instructions.

*Perica, Breithart & Carmody, P. C.,* for plaintiffs.

*Roy W. Rogensues,* City Attorney, for defendants.

Before: LESINSKI, C. J., and J. H. GILLIS and PETERSON,* JJ.

LESINSKI, C. J. Plaintiffs paid property taxes in 1970 under protest. They then, pursuant to MCLA 211.53; MSA 7.97, sued in circuit court for a refund. The circuit court determined that 50.77 acres of the property involved was tax exempt, leaving 56.96 taxable acres. Plaintiffs appeal by right.

Plaintiffs own McKinley Airport, encompassing 107.73 acres, in defendant City of Fraser. In 1969, and years prior thereto, only 14.41 acres of this property had been subject to taxation. The remaining acreage was treated as tax exempt under MCLA 211.7; MSA 7.7:

"Thirteenth, A landing area for which a fee has been paid pursuant to section 86 of Act No. 327 of the Public Acts of 1945, as amended, being section 259.86 of the Compiled Laws of 1948. For the purpose of this section

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

'landing area' means an area of an airport or landing field available to the public without charge for noncommercial use at all times for use in landing, taking off or taxiing of aircraft, excluding the area and facilities for shelter, servicing or repair of aircraft or for receiving or discharging passengers or cargo."

In 1970 the assessor determined that 64.87 acres were taxable. Plaintiffs appealed to the board of review which reduced the assessed valuation of the 64.87 acres, but did not alter the taxable acreage. Plaintiffs then paid the tax under protest and sued in the circuit court for relief.

There is a preliminary question as to the jurisdiction of the circuit court to hear this case prior to exhaustion of administrative remedies. Here plaintiffs did not appeal to the State Tax Commission. We find that this does not bar court review because the Legislature has provided alternate remedies here.

"While the Legislature has given *taxpayers* alternative remedies—of either (1) appealing to the STC (pursuant to § 152 of The General Property Tax Act, MCLA 211.152; MSA 7.210) and/or (2) paying the tax under protest and suing in the circuit court for refund (pursuant to § 53 of The General Property Tax Act, MCLA 211.53; MSA 7.97 * * * ." *Fisher-New Center Co v Detroit,* 38 Mich App 750, 755 (1972).

Plaintiffs' first allegation of error is that the trial court ignored a State Tax Commission bulletin defining the terms of the statutory exemption. There is no evidence that the court ignored this bulletin. The fact that the court did not mention the bulletin in its opinion is irrelevant. While courts give weight to executive interpretation of statutes, courts look first and foremost to the words of the statute. *Detroit Edison Co v Department of Revenue,* 320 Mich 506 (1948). An inter-

pretation of a statute contained in an executive bulletin does not preclude a court from finding a different interpretation as a matter of law.

Although the issue of whether the trial court erred in its interpretation of this statute is not squarely presented by the parties, in the interest of judicial economy, we will consider it. We first note that this exemption provision has not been interpreted by a Michigan court. Next, plaintiffs are correct that the State Tax Commission bulletin supports their interpretation of the statute—which would exempt the entire airport property except for certain areas. The bulletin states:

"All land included within the boundaries of an air-port, except those portions used for buildings and building sites, vehicle and aircraft parking areas, ramps used for servicing and tiedown of aircraft, should be considered as the landing area."

Both the language of MCLA 211.7 and of MCLA 259.86; MSA 10.186(2),[1] which the former refers to, specifically covers only a "landing area" and not "an airport". "Landing area" in both statutes is qualified by almost this exact language: "available to the public without charge for noncommercial use at all times for the landing, taking off and taxiing of aircraft". MCLA 211.7 provides within its definition of landing area a limitation on the area exempted by its terms. This clause excludes the "area and facilities for shelter, servicing or

---

[1] MCLA 259.86(2); MSA 10.186(2): "All airports, landing fields and other aeronautical facilities, except those owned or operated by the United States government, before operating as such, shall be approved by the department. The department shall issue a certificate of approval in each case and charge a fee not in excess of $100.00. The fee shall be in lieu of all real property taxes on the landing area and improvements thereto if the landing area is available to the public without charge for noncommercial use at all times for the landing, taking off and taxiing of aircraft."

repair of aircraft or for receiving or discharging passengers or cargo". The exemption of MCLA 211.7 is not limited to that area which is actually used for runways or taxiing areas. The statute specifically extends the exemption to that area of an airport "available" for the purpose giving rise to the exemption. This does not, however, mean land held in reserve for such purpose. Rather, it means land that is part of an airport and which is presently properly cleared, graded, mowed, and regularly maintained for the use giving rise to the exemption. The statute does not limit the exemption to specifically designated runways or taxi areas. If the Legislature desired this kind of limitation, it failed to sufficiently provide for same.

The plaintiffs' second allegation of error is the question naturally arising from our interpretation of the statute. Plaintiffs allege that the trial court erred in ruling contrary to the great weight of the evidence. In context the fact question is the following: What proportion of plaintiffs' airport is tax exempt by virtue of being available to the public for use as a "landing area" in conformity with MCLA 211.7?

The trial court found that 50.77 acres of the airport were tax exempt and that 56.96 acres were taxable. These were the figures given by Mr. Graves, a defense witness, who was acting chief of the aviation safety section, Michigan Aeronautics Commission. He testified that these figures are based on the Aeronautics Commission's minimum standards for an airport. He prepared a sketch which allowed for the runways in question to be 200 feet wide and for taxiways to be 50 feet wide. It is interesting to note that such minimum requirements do not meet FAA regulations.

The statute does not refer to the minimum size

of the landing area. It refers to that area which is actually *available* for landing, taking off, and taxiing. The defense presented no evidence to refute plaintiffs' four witnesses who testified that the entire airport here was used by them for such purposes.

Defendants argue that plaintiffs' witnesses do not represent the public because they are all pilots who were either based at McKinley, took flying lessons there, or had rented airplanes there. The point of this argument is that the fact that these witnesses knew the entire airport to be available for public use is not determinative. Mr. Graves testified that a pilot unfamiliar with the airport would consult with the Michigan Aeronautics Commission directory, which lists only two runways, and land on one of those two runways. The fact that everyone using the airport is not aware that its entire area is available for landing is not determinative. Plaintiffs' witnesses are within the statutory class "public".

The fact that plaintiffs' witnesses paid fees for hanger space, flying lessons, and airplane rental does not disqualify their use of the landing area from the "noncommercial" class. The crucial issue is that plaintiffs do not charge anyone a fee for landing unless the pilot is engaged in a commercial flight—carrying cargo or passengers for hire. The court's findings here are clearly erroneous. GCR 1963, 517.1. The uncontroverted testimony as to the actual use of this airport indicated that the entire area, except the wooded area and hanger area, was mowed and used by the public for landing, taking off, and taxiing. This area is available to the public within the meaning of the statute and is therefore tax exempt.

We therefore remand to the trial court to deter-

mine the area which was exempt as defined by this opinion. The plaintiffs should then be awarded a refund of the overpayment of taxes, paid under protest, due to the invalid assessment.

Reversed and remanded for action not inconsistent with this opinion.

All concurred.