473 So.2d 1248 (1985)
Robert W. LOWRY, a/K/a John Corley, Petitioner,
v.
PAROLE AND PROBATION Commission, State of Florida and Louie L. Wainwright, Secretary, Department of Corrections, State of Florida, Respondents.
No. 66773.
Supreme Court of Florida.
June 13, 1985.
Rehearing Denied August 30, 1985.
Baya Harrison and Robert Augustus Harper, Jr., Tallahassee, for petitioner.
Enoch J. Whitney, Gen. Counsel, and Kurt E. Ahrendt, Asst. Gen. Counsel, Tallahassee, for respondent Parole and Probation Com'n.
Jim Smith, Atty. Gen., George R. Georgieff and Lawrence A. Kaden, Asst. Attys. Gen., Tallahassee, for respondent Louie L. Wainwright.
EHRLICH, Justice.
In 1977, petitioner was convicted of robbery and sentenced to six months to fifteen years. In 1981, petitioner was convicted of aggravated assault and sentenced to five years. The second sentence imposed is consecutive to the first.
In 1984, pursuant to established commission policies, petitioner and the Florida Parole *1249 and Probation Commission entered into a written Mutual Participation Agreement. The terms of that agreement provided for petitioner's release on parole on February 26, 1985. The commission voted petitioner an effective parole release date of February 26, 1985.
On February 13, 1985, the Attorney General of Florida rendered Attorney General's Opinion 85-11 and sent it to commission. That opinion states that a prisoner serving consecutive sentences is not eligible for parole if he is under a sentence he has not yet begun to serve. The commission adopted AGO 85-11 as its own policy and directed Department of Corrections not to release petitioner on his effective parole date. The commission later formally withdrew the Mutual Participation Agreement.
Petitioner had fulfilled his obligations under the agreement and has exhausted his administrative remedies. He seeks mandamus or, in the alternative, habeas corpus, to enforce the terms of the Mutual Participation Agreement. We have jurisdiction pursuant to article V, sections 3(b)(8) and 3(b)(9), Florida constitution.
Prior to the time the commission adopted AGO 85-11 as its own policy, it had been granting paroles to prisoners who had not begun to serve subsequent consecutive sentences. This practice was specifically authorized by AGO 74-11 which reflected the Attorney General's interpretation of section 947.16(1), Florida Statutes (1973). Although section 947.16(1) has not changed in any material way since 1974 (though it has been reworded for clarity), other amendments to chapter 947, a shift in the legal definition of parole, the authorization of minimum mandatory sentences, and "the passage of time" were cited as reasons for the shift in interpretation of the law.
We note that the Department of Legal Affairs is the commission's legal advisor as designated by statute. § 947.11, Fla. Stat. (1983). The effect of AGO 84-11 was to put the commission on notice that, in the opinion of the Attorney General, its established parole procedures for prisoners serving the first of consecutive sentences were in violation of state law. Recognizing the great weight to be accorded an Attorney General's Opinion, Beverly v. Division of Beverage of Department of Business Regulation, 282 So.2d 657 (Fla. 1st DCA 1973), and recognizing that the Attorney General has authority to bring an action to challenge the legality of a parole decision, State ex rel. Boyles v. Florida Parole and Probation Commission, 436 So.2d 207 (Fla. 1st DCA 1983), the commission acted in good faith in rescinding the effective parole release date.
In Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla. 1985), this Court held that the commission was not bound to honor a presumptive parole release date when, in the exercise of its discretion, the commission determined that the underlying goals of parole would not be fulfilled if the prisoner were released. This case presents us with a different perspective but a similar result. Here the commission has determined as a matter of policy and law that the underlying goals of consecutive sentencing would not be fulfilled if the prisoner is released. Moreover, the commission itself might be in violation of the law if it honored the agreement. We find there was no abuse of discretion in the commission's rescinding the effective parole release date and the Mutual Participation Agreement.
Having analyzed the propriety of the commission's action, we must now discuss the merits of the Attorney General's Opinion. Petitioner and respondents have all urged cogent arguments supporting their disparate interpretations of the statutes in question. Where reasonable differences arise as to the meaning or application of a statute, the legislative intent must be the polestar of judicial construction. Tampa-Hillsborough County Expressway Authority v. K.E. Morris Alignment Services, Inc., 444 So.2d 926 (Fla. 1983); Tyson v. Lanier, 156 So.2d 833 (Fla. 1963). Petitioner and respondent filed notices of pending legislation ordered enrolled, bringing to the Court's attention Committee Substitute for House Bill 1298, ordered enrolled May 30, *1250 1985 and submitted to the Governor and signed into law June 11, 1985, effective upon becoming law. This bill clarified the manner in which presumptive parole release dates are to be calculated for prisoners serving consecutive sentences. It specifically provides that "The guidelines shall require the commission to aggravate or aggregate each consecutive sentence in establishing the presumptive parole release date." At oral argument, counsel for respondent Wainwright conceded that under the pending legislation, petitioner would be entitled to release.
When, as occurred here, an amendment to a statute is enacted soon after controversies as to the interpretation of the original act arise, a court may consider that amendment as a legislative interpretation of the original law and not as a substantive change thereof. United States ex rel. Guest v. Perkins, 17 F. Supp. 177 (D.D.C. 1936); Hambel v. Lowry, 264 Mo. 168, 174 S.W. 405 (1915). This Court has recognized the propriety of considering subsequent legislation in arriving at the proper interpretation of the prior statute. Gay v. Canada Dry Bottling Co., 59 So.2d 788 (Fla. 1952).
In examining Chapter 947 in light of section 775.021(4), Florida Statutes (1983) and section 775.087(2), Florida Statutes (1983), it is unmistakable that the amendments contained in the pending bill are expressions of prior and continuing legislative intent. Thus we hold that while AGO 85-11 is a reasonable interpretation of the law, it does not represent legislative intent.
We therefore hold that petitioner is eligible for consideration for parole before he has begun to serve consecutive sentences. We withhold issuance of the writ of mandamus ordering the commission to grant petitioner a parole interview, however, because we are convinced that the commission's good faith and desire to follow the law will lead to an expeditious review of petitioner's case and appropriate action forthwith.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.