PER CURIAM.
The final summary judgment under review is reversed and the cause is remanded to the trial court for further proceedings upon a holding that a genuine issue of material fact is raised upon this record as to whether an accord and satisfaction was reached in this case.
Although the plaintiff’s principal, Shirley Attias, accepted from the defendants an $8,459.57 check containing a restrictive endorsement which stated “final payment on all [plaintiff’s] commissions at Club Atlantis,” a genuine issue of material fact is presented as to whether Ms. Attias modified this endorsement, in the presence of and with the consent of an authorized agent of the defendants, by adding the language, “on units that closed.” If the said modification was accomplished with the consent of both parties herein, there could be no accord and satisfaction sufficient to bar the plaintiff’s claim brought below for real estate brokerage commissions. See Burley v. Mummery, 222 So.2d 261 (Fla. 3d DCA 1969). This being so, summary judgment was inappropriately entered in this case given the state of this record.
Moreover, we are unpersuaded that the summary judgment should be affirmed on other grounds. We have not overlooked the defendants’ contentions to the contrary *1161 on this point, but find them to be without merit.
Reversed and remanded.