493 So.2d 85 (1986)
Ramon NORTHCUT, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0101.
District Court of Appeal of Florida, Fourth District.
September 3, 1986.
Patrick C. Rastatter of Glass & Rastatter, P.A., Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for appellee.
*86 DOWNEY, Judge.
Appellant was convicted of 1) manslaughter with a firearm, 2) improper exhibition of a dangerous weapon, 3) assault and 4) battery. The trial court sentenced appellant to time served on the misdemeanor convictions listed in 2, 3 and 4 above, and twelve years' incarceration followed by five years' probation on the manslaughter conviction. The latter sentence was predicated upon a scoresheet objected to by appellant. The only objection raised on this appeal has to do with ascribing seven points for "victim injury" resulting from the battery.
With regard to the battery count, the information charged that appellant "on the 14th day of June A.D. 1985, in the County and State aforesaid, did then and there commit a battery upon Janice Brown by actually and intentionally touching or striking her, against the will of said Janice Brown, contrary to F.S. 784.03(1)." The statute allegedly violated provides:
784.03 Battery. 
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
(2) Whoever commits battery shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
It is apparent that appellant was charged with a battery under (1)(a) by mere touching or striking, not under (1)(b) with causing bodily harm.
The evidence adduced at trial indicated that appellant and his young girlfriend had gotten into "a fuss," as a result of which appellant slapped her face several times, according to her "between hard or soft." She testified she was afraid and that it hurt, but she did not recount any resulting injury. A witness testified that appellant had slapped her hard in the face and that she had cried.
At the time of sentencing, Florida Rule of Criminal Procedure 3.701(d)(7) provided that the guideline scoresheet should score victim injury "if it is an element of any offenses at conviction." The Committee Note provided under said rule instructs that:
(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary of (sic) additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma. Victim injury shall be scored additionally for each count where victim injury is an element of each offense at conviction in excess of one count as to each victim.
Trauma is defined in Black's Law Dictionary as:
In medical jurisprudence. A wound; any injury to the body caused by external violence.
In view of the type of battery charged in the information, the limited evidence adduced (none of which showed any physical trauma as defined above), the rule limiting victim injury for scoring purposes only if such injury is an element of an offense, and the committee note limiting it to physical trauma, we hold that scoring points for victim injury based on the battery charge was error.
Accordingly, the sentence is reversed and the cause is remanded to the trial court with directions to resentence appellant in accordance with the sentencing guidelines as interpreted in this opinion.
REVERSED AND REMANDED, with directions.
GLICKSTEIN, J., and WETHERINGTON, GERALD T., Associate Judge, concur.