PER CURIAM.
In March, 1991, appellant was charged by Information with armed kidnapping, armed indecent assault, indecent assault, attempted indecent assault and falsely impersonating a police officer. He was found guilty of attempted kidnapping and indecent assault as lesser included offenses of the first two charges and was also found guilty of the last two charges recited above. His sentencing guidelines scoresheet reflected a point total of 368, including sixty points for victim injury. The permitted sentence range was stated as nine to twenty-two years imprisonment. Appellant was sentenced to fifteen years imprisonment on the first two charges; five years imprisonment on the fourth, and twenty-two years imprisonment on the fifth, all sentences to run concurrently. ’ We affirm all of the convictions, but reverse and remand as to the sentence.
As to the convictions, we have considered and rejected all of appellant’s arguments.
Our reversal of the sentence is based upon Karchesky v. State, 591 So.2d 930, 932 (Fla.1992). We reject the state’s arguments directed to the present charges that Karchesky does not apply and that physical injury justified the victim injury points scored by the trial court.
First, the state’s reliance upon Chapter 92-135, Laws of Florida (1992) and Lowry v. Parole & Probation Comm’n, 473 So.2d 1248, 1250 (Fla.1985), is misplaced as the state is seeking to enhance a punishment after the fact. Moreover, it has been wisely observed by a judge that a legislature — not identical in body as a previous one — might be logically hard pressed to say what the earlier legislature intended.
Second, the record is void of “physical trauma” as that term is discussed and required by Karchesky. This court has determined that a “resulting injury” is required. *1149 Northcut v. State, 493 So.2d 85, 86 (Fla. 4th DCA 1986). For example, in Northcut, this court held that there was no physical trauma where the defendant slapped his girlfriend hard in the face several times, but there was no “resulting injury.” Id. at 86. Contrast Patchin v. State, 544 So.2d 282 (Fla. 4th DCA 1989) (found injury where hit to eye resulted in need for surgery). Although the trial testimony revealed that appellant put his arm around the victim’s neck, held a knife to her throat (but did not touch her throat with the knife) and forced her to the floor of his automobile, there was no proof that these actions resulted in physical injury or trauma to the victim.[1] Accordingly, the trial judge should not have assessed victim injury points for this nonsexual contact without an ascertainable injury to the victim — which is what it appears the trial court did in this case.
GLICKSTEIN, GUNTHER and FARMER, JJ., concur.

. Generally, a trial court can, as Karchesky permits, cite mental or psychic trauma and depart upward from the guidelines.