Ms. Virginia B. Wetherell Secretary, Department of Environmental Protection 3900 Commonwealth Boulevard Tallahassee, Florida 32399-3000
Dear Secretary Wetherell:
You ask substantially the following question:
Does section 259.041(3), Florida Statutes (1994 Supp.), prevent the Board of Trustees of the Internal Improvement Trust Fund from waiving any of the requirements set forth in section 259.041?
In sum:
Section 259.041(3), Florida Statutes (1994 Supp.), does not prohibit the Board of Trustees of the Internal Improvement Trust Fund from waiving the requirements set forth in section 259.041 as provided in subsection (1) of the statute. It does, however, require the Department of Environmental Protection to review and approve all agreements as complying with the requirements of the statute; that is, that the provisions of the statute have been met unless waived by the board of trustees as provided in section259.041(1).
Section 259.041, Florida Statutes (1994 Supp.), was created to establish standards and procedures to govern the acquisition of state-owned lands for preservation, conservation, and recreation purposes.[1] Subsection (1) of the statute provides:
Neither the Board of Trustees of the Internal Improvement Trust Fund nor its duly authorized agent shall commit the state, through any instrument of negotiated contract or agreement for purchase, to the purchase of lands with or without appurtenances unless the provisions of this section have been fully complied with. However, the board of trustees may waive any requirement of this section, except the requirements of subsections (3), (13), and (14); or, notwithstanding chapter 120, may waive any rules adopted pursuant to this section, except rules adopted pursuant to subsections (3), (13), and (14); or may substitute other reasonably prudent procedures, provided the public's interest is reasonably protected. The title to lands acquired pursuant to this section shall vest in the board of trustees as provided in s. 253.03(1), unless otherwise provided by law. All such lands, title to which is vested in the board of trustees pursuant to this section, shall be administered pursuant to the provisions of s. 253.03. (e.s.)
Section 259.041(3), Florida Statutes (1994 Supp.), however, provides that "[n]o agreement to acquire real property for the purposes described in chapter 259, chapter 260, or chapter 375, title to which will vest in the board of trustees, may bind the state unless and until the agreement has been reviewed and approved by the Department of Environmental Protection (department) as complying with the requirements of this section and any rules adopted pursuant to this section."
According to your letter, a question has been raised as to whether the board of trustees, despite the grant of authority in section259.041(1), Florida Statutes (1994 Supp.), may waive any of the provisions of section 259.041 in light of the language in subsection (3) requiring the department to review and approve the agreement as complying with the requirements of that section.
An examination of the legislative history surrounding the enactment of Chapter 94-240, Laws of Florida, indicates that the purpose of the legislation was "to streamline and add flexibility to the acquisition process for lands purchased for preservation, conservation and recreation, and whose title vests in the board of trustees."[2] The staff analysis for the bill states that detailed procedural requirements for land acquisition passed by the Legislature since 1979 "have tended to solve particular problem areas, but have had the cumulative result of adding layer upon layer of bureaucracy to the acquisition process."[3] One of the key changes effected by the legislation is that it
[s]treamlines the acquisition process for environmental and recreational lands by allowing the board of trustees to waive most provisions of the new section 259.041, F.S., and most related rules, or to substitute other prudent acquisition procedures, as long as the public's interest is protected.[4]
The courts have stated that where reasonable differences arise as to the meaning or application of a statute, the legislative intent must be the polestar of judicial construction.[5] Statutory language should not be construed so as to render it potentially meaningless.[6] Instead all parts of a statute must be read to-gether in order to achieve a consistent whole.[7]
To read subsection (3) of section 259.041, Florida Statutes (1994 Supp.), as prohibiting the board of trustees from waiving any provision of section 259.041 would render the language in subsection (1) of the statute absurd and meaningless. Moreover, such an interpretation would appear to be contrary to the legislative intent of the statute to add flexibility to the acquisition process.
Subsection (1) of the statute clearly grants the board of trustees the authority to waive the requirements set forth in the statute with the exception of those requirements set forth in subsections (3), (13) and (14). Subsection (3) requires that the department review and approve any contract as complying with the requirements of the statute. Those requirements are that all provisions of the statute must be satisfied unless the board of trustees has, pursuant to subsection (1), waived such a provision.
Thus, the language in section 259.041(3), Florida Statutes (1994 Supp.), does not prevent the board of trustees from exercising its authority to waive the requirements of the statute as provided in subsection (1). The board of trustees is, however, precluded from waiving the requirement that the department review an agreement for the acquisition of land to determine that these provisions of the statute not waived by the board have been met.
Accordingly, I am of the opinion that section 259.041(3), Florida Statutes (1994 Supp.), does not prohibit the Board of Trustees of the Internal Improvement Trust Fund from waiving the require-ments set forth in section 259.041 as provided in subsection (1) of the statute. It does, however, require the Department of Environmental Protection to review and approve all agreements as complying with the requirements of the statute; that is, that these provisions of the statute not waived by the board have been met.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, Ch. 94-240, s. 4, Laws of Florida.
[2] Final Bill Analysis Economic Impact Statement, CS/HB 161 (passed by the Legislature as Ch. 94-240, Laws of Florida),
[3] Id.
[4] Id.
[5] See, In re Order on Prosecution of Criminal Appeals by Tenth Judicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990) (legislative intent is the polestar by which court must be guided in interpreting statutory provisions); Byrd v. RichardsonGreenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989) (courts obligated to honor obvious legislative intent and policy behind legislative enactment); Lowry v. Parole and Probation Commission,473 So.2d 1248 (Fla. 1985).
[6] Ellis v. State, 622 So.2d 991 (Fla. 1993); Carawan v. State,515 So.2d 161 (Fla. 1987) (courts are obligated to avoid construing a particular statute so as to achieve an absurd or unreasonable result).
[7] See, e.g., Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452 (Fla. 1992).