Mr. Harold D. Lewis General Counsel Agency for Health Care Administration 325 John Knox Road, Suite 301 Tallahassee, Florida 32303-4131
Dear Mr. Lewis:
You ask substantially the following question:
Does the term "identifying information" as provided in section641.515(2), Florida Statutes, refer only to information that identifies patients and the complainant or does it also include the names of the health maintenance organization and its staff?
In sum:
Until this matter is legislatively or judicially clarified, it appears that the term "identifying information" in section641.515(2), Florida Statutes, should be narrowly construed to refer to information that identifies individuals and not health maintenance organizations.
The Legislature has declared that the purpose of Part III, Chapter 641, Florida Statutes, is "to ensure that health maintenance organizations and prepaid health clinics deliver high-quality health care to their subscribers."[1] In order to achieve this purpose, Part III requires oversight of health maintenance organizations (HMOs) and prepaid health clinics in order for them to do business in Florida.[2]
Section 641.515(1) and (2), Florida Statutes, provides:
(1) The [Agency for Health Care Administration] shall investigate further any quality of care issue contained in recommendations and reports submitted pursuant to ss. 408.7056 and 641.511. The agency shall also investigate further any information that indicates that the organization does not meet accreditation standards or the standards of the review organization performing the external quality assurance assessment pursuant to reports submitted under s. 641.512. Every organization shall submit its books and records and take other appropriate action as may be necessary to facilitate an examination. The agency shall have access to the organization's medical records of individuals and records of employed and contracted physicians, with the consent of the subscriber or by court order, as necessary to carry out the provisions of this part.
(2) The reports and the records prepared or obtained under this section or s. 641.512 by the agency or by an outside source may be used solely for the purpose of the agency in enforcing the requirements of this part and in disciplinary proceedings. Except as otherwise provided in this section, any identifying information contained in these records and reports is confidential and exempt from s. 119.07(1). . . .
Thus, the statute makes "identifying information" found in the reports and records of HMOs prepared or obtained by the Agency for Health Care Administration (agency) as a result of investigating subscriber grievances or accreditation findings confidential and exempt from the Public Records Law.
While the term "identifying information" is broad, it is necessary in interpreting section 641.515(2), Florida Statutes, to consider the intent and purpose underlying the enactment of Part III, Chapter 641, Florida Statutes. As expressed in section 641.48, Florida Statutes, supra, the purpose of this legislation is to ensure the quality of health care provided to subscribers.[3]
Section 641.515, Florida Statutes, seeks to accomplish this purpose by requiring agency investigation of unresolved subscriber quality of care grievances and accreditation and external quality assurance assessments. As an exemption to the Public Records Law, section 641.515(2), Florida Statutes, should be narrowly construed and limited to its stated purpose.[4]
Deleting the name of an HMO that is the focus of the agency's investigation would not appear to further the purpose of the legislation to ensure the quality of care provided to subscribers. However, the release of the names of individuals would appear to be inconsistent with other statutory provisions.
For example, if, during the investigation of the HMO by the agency, there is a reasonable belief that conduct by a staff member or other employee of the organization may constitute. grounds for disciplinary action by the appropriate regulatory board, the agency is required to report this fact to such regulatory board.[5] Complaints against professionals regulated by the Department of Business and Professional Regulation (DBPR) and information obtained pursuant to the investigation by DBPR are confidential and exempt from s. 119.07(1), Florida Statutes, until 10 days after probable cause has been found to exist or the subject of the investigation waives his privilege of confidentiality.[6]
To require the agency to contact the regulatory board regarding conduct of a professional who may be subject to disciplinary proceedings, while simultaneously requiring it to disclose the identity of such professional, would be contrary to the provisions of Chapter 455, Florida Statutes, which requires confidentiality until after a finding of probable cause.
Thus, until this matter is legislatively or judicially clarified, it appears that the term "identifying information" in section641.515(2), Florida Statutes, should be narrowly construed to refer to information that identifies individuals and not the HMO.
You also ask whether such information must still be redacted when the report is used in a disciplinary proceeding. The statute is silent as to any limitation on the exemption prescribed in section 641.515(2), Florida Statutes.[7]
In the absence of any such legislative direction, this office cannot qualify or read into the statute limitations that are not contained in the statute. However, the exemption relates only to identifying information in those reports and records obtained or prepared by the agency in carrying out the provisions of that statute and would not apply to the remainder of such reports or to records generated during a subsequent proceeding. The Legislature may wish to clarify its intent with regard to whether "identifying information" in such reports must be deleted when such reports are used in a disciplinary proceeding.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tlsjw
[1] Section 641.48(1), Fla. Stat. (1993).
[2] See, e.g., ss. 641.511 and 641.512, Fla. Stat. (1993).
[3] See, Lowry v. Parole and Probation Commission, 473 So.2d 1248
(Fla. 1985) (where reasonable differences arise as to the meaning or application of a statute, the legislative intent must be the polestar of judicial construction). And see, AMISUB (North Ridge General Hospital, Inc.) v. Department of Health and Rehabilitative Services, 577 So.2d 648 (Fla. 1st DCA 1991) (appellate courts have duty to honor obvious legislative intent and policy behind enactment).
[4] See, Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988); Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), review denied sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987). And see, Lorei v. Smith, 464 So.2d 1330 (Fla. 2d DCA 1985), review denied, 475 So.2d 695 (Fla. 1985).
[5] Section 641.515(3), Florida Statutes.
[6] Section 455.225(10), Fla. Stat. (1993). And see, s.455.225(2), Fla. Stat. (1993), stating that if the case is dismissed prior to a finding of probable cause, the report is confidential.
[7] Compare, ss. 415.103(3)(d)4. and 415.504(4)(d)4, Fla. Stat. (1993), requiring the confidentiality of the abuse or neglect report to be maintained during the administrative hearing process. And see, s. 641.55(6), Fla. Stat. (1994 Supp.), providing for the confidentiality of certain incident reports prepared by an HMO that are not available to the public as part of the record of investigation for and prosecution in disciplinary proceedings by the agency, DBPR, or the appropriate regulatory board.