Mr. Thomas A. Sheehan, III General Counsel Florida Inland Navigation District Post Office Box 3888 West Palm Beach, Florida 33402-3888
Dear Mr. Sheehan:
On behalf of the Board of Commissioners of the Florida Inland Navigation District, you ask substantially the following question:
Does section 374.983(5), Florida Statutes, permit reimbursement for the travel expenses of a Florida Inland Navigation District Commissioner who is vacationing out of the country to return home in order to attend a meeting of the district board?
In sum:
Section 374.983(5), Florida Statutes, does not permit reimbursement for the travel expenses of a Florida Inland Navigation District Commissioner who is vacationing out of the country to return home in order to attend a meeting of the district board.
The Florida Inland Navigation District is a multi-county independent special district.[1] In 1996, the Legislature sought to consolidate and codify in Part II of Chapter 374, Florida Statutes, all current and applicable laws or acts relating to the Florida Inland Navigation District and to locate these provisions within this chapter.[2] The district is governed by an eleven member board of commissioners, appointed by the Governor and confirmed by the Senate.[3]
Section 374.983(5), Florida Statutes, provides:
"Members of the district shall serve without compensation, but shall be reimbursed for travel expenses incidental to attendance at board meetings, or the performance of other official duties as a member of the board, as provided by s. 112.061." (e.s.)
You state that one of the commissioners was to be vacationing in Canada during the period of a two-day board meeting. You state that the meeting was to be the commissioner's first meeting as chair of the board and would involve presentations by representatives seeking funding under the district's cooperative assistance and waterway assistance programs. According to your letter, many of these presentations would include visual aids such that attendance by speaker phone would not provide the same information available to a commissioner attending in person. The district, therefore, wishes to know whether it may reimburse the commissioner who is on vacation in Canada for his expenses incidental to his attendance at the board meeting.
The purpose of section 112.061, Florida Statutes, is "to establish uniform maximum rates, and limitations, with certain justifiable exceptions, applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency."[4] Section 112.061(1)(b), Florida Statutes, provides:
"(b) To preserve the standardization and uniformity established by this law:
1. The provisions of this section shall prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption.
2. The provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict."
Thus, section 112.061, Florida Statutes, provides the method by which travel expenses for public officers, employees and authorized persons are to be paid by a public agency, unless a special law provides to the contrary or a general law specifically referring to section 112.061 provides an exemption.
Section 112.061, Florida Statutes, generally authorizes reimbursement for travel expenses incurred only for travel away from the traveler's official headquarters.[5] Section 374.983(5), Florida Statutes, however, states that members of the district shall be reimbursed for travel expenses incidental to attendance at board meetings as provided by section 112.061, Florida Statutes. Such language appears to constitute a limited exception to section 112.061 by authorizing the reimbursement of the travel expenses of district commissioners in attending board meetings. Such expenses are to paid in accordance with the provisions of section 112.061.
While the language of section 374.083(5), Florida Statutes, appears to authorize a member's travel expenses incurred in attending district meetings, I find no evidence that the Legislature contemplated that the district would reimburse a member's travel to and from a foreign country in order to attend a board meeting because the member was on vacation.
Prior to the enactment of Part II, Chapter 374, Florida Statutes, a member's per diem and travel expenses in attending meetings or district business were limited to $1,500 per calendar year.[6] It was the intent of the Legislature, in repealing the district's special acts and enacting Part II of Chapter 374, to consolidate and codify, rather than substantively amend, the special acts relating to the Florida Inland Navigation District and to locate the provisions within Part II, Chapter 374.[7] It is a fundamental principle of statutory construction that statutes are to be construed to honor the legislative intent and policy underlying the statute's enactment.[8]
Section 374.983(1), Florida Statutes, requires that members of the district board be residents of the district. Common sense would dictate that the Legislature sought to authorize the reimbursement of expenses normally incurred by board members in traveling to and from their residences or offices to board meetings.
In interpreting section 112.061, Florida Statutes, this office has generally taken the view that authorized mileage should always be based on the shorter distance to the point of destination. For example, in Attorney General Opinion 75-275 this office concluded that when travel to a city other than the official headquarters commences from the city in which the traveler resides, which is different from his or her official headquarters, the mileage should be computed on the basis of the shorter distance to the point of destination.[9] Moreover, section 112.061(7), Florida Statutes, states that all travel must be by a usually traveled route with the traveler bearing any extra costs for traveling by an indirect route for his or her own convenience.
While there is some authority in emergency situations for public funds to be expended to bring an employee on personal time back to the agency, this does not appear to be the case in the instant inquiry. For example, Rule 3A-42.010(4) and (5), Florida Administrative Code, adopted by the Department of Banking and Finance for state agencies, authorizes the reimbursement of travel expenses when an officer or employee on vacation is required by his or her agency to return due to an emergency situation.[10]
"Emergency situation" is defined as "circumstances in which there is an immediate danger or a threat of immediate danger to the public health, safety or welfare or of other substantial loss to the state requiring emergency action."[11]
In the instant inquiry, however, you have not indicated that an emergency exists. Rather, the meeting in question appears to have been a regularly scheduled meeting of the district board, the dates for which board members should have been aware. In addition, while you state that there were to be visual presentations made at the meeting, it might have been possible for the meeting to be videotaped so that the commissioner could view the visual presentations upon his return.
In light of the above, I am, therefore, of the opinion that the travel expenses incurred by a commissioner who is vacationing out of the country to return home in order to attend a meeting of the district board are not reimbursable by the district.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 374.982, Fla. Stat. The territorial boundaries of the district shall be the counties of Duval, St. Johns, Flagler, Volusia, Brevard, St. Lucie, Martin, Indian River, Palm Beach, Broward, and Dade.
[2] See, s. 374.980, Fla. Stat., setting forth the legislative intent for Part II, Ch. 374, Fla. Stat. And see, Ch. 96-425, Laws of Florida.
[3] Section 374.983(1) and (2), Fla. Stat.
[4] Section 112.061(1)(a), Fla. Stat.
[5] See, e.g., Ops. Att'y Gen Fla. 86-1 (1986), 83-37 (1983), 82-34 (1982), 78-84 (1978), 77-123 (1977), 76-56 (1976), 75-275 (1975), 74-132 (1974), and 72-386 (1972). This interpretation is in keeping with the general principle that "[u]nless the legislature has expressly and explicitly included in the expenses to be allowed public officers, the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge." 67 C.J.S. Officers
s. 225, p. 719. And see, Op. Att'y Gen. Fla. 64-21 (1964).
[6] See, s. 1, Ch. 77-495 Laws of Florida, amending s. 5, Ch. 14723, Laws of Florida, 1931, as amended by s. 1, Ch. 25026, Laws of Florida, 1949, s. 1, Ch. 27275, Laws of Florida, 1951, and s. 2, Ch. 65-900, Laws of Florida.
[7] See, s. 374.980, Fla. Stat.; and Senate Staff Analysis and Economic Impact Statement on SB 3098, dated April 19, 1996, stating that the act was "intended to consolidate all the special acts relating to the Florida Inland Navigation District, without substantive change."
[8] See, In re Order on Prosecution of Criminal Appeals by TenthJudicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990) (legislative intent is the polestar by which court must be guided in interpreting statutory provisions); Byrd v.Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989) (courts obligated to honor obvious legislative intent and policy behind legislative enactment); Lowry v. Parole andProbation Commission, 473 So.2d 1248 (Fla. 1985).
[9] Cf., Ops. Att'y Gen. Fla. 75-237 (1975) which states that mileage should be calculated from the headquarters office to the place where the official duties are to be carried out if the travel originates from the travel headquarters; if the travel originates from the individual's residence and it is a shorter distance from there to the point of destination, then travel should be calculated from the residence; 74-132 (1974) (mileage is computed on the basis of the distance from the headquarters city to the city in which the duties are to be performed unless the actual distance, i.e., from the residence, is shorter).
[10] And see, s. 112.061(9)(a), Fla. Stat., authorizing the Department of Banking and Finance to adopt rules setting forth the criteria for state agencies to predetermine justification for travel expenses.
[11] Rule 3A-42.002(6), Fla. Admin. Code.