Mr. James T. Moore Executive Director Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302-1489
Dear Mr. Moore:
You ask substantially the following question:
Does section 943.14(8), Florida Statutes, require a background screening for individuals who are employed by a law enforcement agency and have undergone a criminal history background check?
In sum:
Section 943.14(8), Florida Statutes, requires a criminal history background check for an applicant prior to entrance into a basic recruit class and, consistent with the Legislature's intent, would be satisfied by an agency's criminal history background check performed when an individual has been hired in anticipation of his or her attending a law enforcement training program.
You state that there are numerous instances where applicants to a criminal justice training program are employed by police or correctional agencies that have conducted a contemporaneous criminal background check on those individuals. This office has been advised further that these instances usually occur when an individual has been hired by a law enforcement agency in anticipation of that person attending a law enforcement training program and becoming a certified officer for the agency. The agency conducts a criminal history background screening in order to determine whether there is an impediment to the individual's becoming a certified officer. Should a training facility be required to fingerprint the applicant and conduct another background check, it would result in redundant screening, with attendant unnecessary costs.
Prior to 2000, there was no requirement that applicants to a law enforcement or correctional academy undergo criminal history background checks prior to their admission. Citing a need to avoid the needless expenditure of funds on recruits who would be statutorily barred from employment in law enforcement, the 2000 Legislature enacted section 943.14(8), Florida Statutes, requiring all applicants to law enforcement, correctional, and correctional probation officer academies to submit to a criminal background check before formally entering into any of the academies.[1]
Subsection (8) was added to section 943.14, Florida Statutes, providing:
"Each criminal justice training school that offers law enforcement, correctional, or correctional probation officer basic recruit training, or selection center that provides applicant screening for criminal justice training schools, shall conduct a criminal history background check of an applicant prior to entrance into the basic recruit class. A complete set of fingerprints must be taken by an authorized criminal justice agency or by an employee of the criminal justice training school or selection center who is trained to take fingerprints. The criminal justice training school or selection center shall submit the fingerprints to the Florida Department of Law Enforcement for a statewide criminal history check, and forward the fingerprints to the Federal Bureau of Investigation for a national criminal history check. Applicants found through fingerprint processing to have pled guilty to or been convicted of a crime which would render the applicant unable to meet the minimum qualifications for employment as an officer as specified in s. 943.13(4) shall be removed from the pool of qualified candidates by the criminal justice training school or selection center."[2]
The statute contemplates that the criminal justice training school or a selection center acting on behalf of the school will conduct a criminal history background check of applicants prior to their being admitted to the basic recruit class. To initiate the check, a complete set of fingerprints must be taken by an authorized criminal justice agency or by an employee of the school or selection center trained to take fingerprints. The fingerprints are sent to FDLE for a statewide criminal history check and FDLE in turn submits the prints to the FBI for a national check.
The term "authorized criminal justice agency" is not defined for purposes of the statute. However, "[c]riminal justice agency" has been defined to include a court, the Florida Department of Law Enforcement, the Department of Juvenile Justice, the protective investigations component of the Department of Children and Families that investigates the crimes of abuse and neglect, and "[a]ny other governmental agency or subunit thereof which performs the administration of criminal justice pursuant to a statute or rule of court and which allocates a substantial part of its annual budget to the administration of criminal justice."[3] While this particular definition is placed in the statutes relative to criminal justice information and records,[4] it would logically relate to criminal history background checks that rely upon such records as the source from which to glean an individual's criminal history.
As noted above, section 943.14(8), Florida Statutes, contemplates that the academy will initiate the criminal history background check. The primary purpose of conducting such checks, however, is to ensure that the applicant is a viable candidate for service as a law enforcement officer. Moreover, the mechanics of the check,i.e., taking fingerprints and submitting them to FDLE and the FBI in order to run a statewide and nationwide search respectively, would necessarily be the same no matter who initiates the request. It is a fundamental principle of statutory construction that statutes are to be construed to honor the legislative intent and policy underlying the statute's enactment.[5]
Accordingly, a criminal history background check performed by an employing law enforcement agency when hiring an individual who will be attending a law enforcement academy in contemplation of becoming a law enforcement officer would fulfill the purpose of section 943.14(8), Florida Statutes. It may be advisable, however, to seek legislative clarification in this matter to avoid any future confusion.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] House of Representatives Committee on Law Enforcement and Crime Prevention Analysis, HB 1481, March 14, 2000.
[2] See, s. 1, Ch. 2000-187, Laws of Fla.
[3] Section 943.045(10), Fla. Stat. See also, s. 119.011(4), Fla. Stat., defining "[c]riminal justice agency" for purposes of Florida's Public Records Law to include "any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal intelligence information or criminal investigative information for the purpose of assisting such law enforcement agencies in the conduct of active criminal investigation or prosecution. . . ."
[4] See, s. 943.045, Fla. Stat., defining "[c]riminal justice agency" for purposes of ss. 943.045-943.08, Fla. Stat.
[5] See, In re Order on Prosecution of Criminal Appeals by TenthJudicial Circuit Public Defender, 561 So.2d 1130 (Fla. 1990) (legislative intent is the polestar by which court must be guided in interpreting statutory provisions); Byrd v.Richardson-Greenshields Securities, Inc., 552 So.2d 1099 (Fla. 1989) (courts obligated to honor obvious legislative intent and policy behind legislative enactment); Lowry v. Parole andProbation Commission, 473 So.2d 1248 (Fla. 1985).