THOMAS, J.,
Dissenting.
I respectfully dissent. I would affirm because I think the trial court properly concluded that Appellant’s primary offense did qualify him for sentencing as an habitual felony offender.
I would not extend Overstreet v. State to the facts of this case, and I disagree with the holding of the Third District in Benton, which concluded otherwise. I acknowledge that in Overstreet, the State argued that section 775.084(2), Florida Statutes, applied to defendants who committed subsequent crimes while on community control; however, the defendant in Overstreet was incarcerated and not on community control. Thus, the language in Overstreet addressed a broader argument and was not necessary to the resolution of the case; as such, it was obiter dicta. See Hilkmeyer v. Latin Am. Air Cargo Expediters, 94 So.2d 821, 825 (Fla.1957) (concluding that language in cited case was “not necessary to the determination of the cause and was therefore obiter dicta.”).
In the present case, it is especially significant that Appellant was originally sentenced to probation in the relevant qualifying offense. It is reasonable to assume that he violated that probation within months, as his sentence was then converted to community control. (It would be unreasonable to assume that he simply volunteered for a more stringent supervision than probation.) After his sentence was changed from probation and he was sentenced to community control, Appellant then committed a new offense while still on community control.
To allow Appellant to now escape his habitual felony offender status ten years later, based on the argument that the 1997 statute’s literal language does not include community control but only “probation,” truly produces an absurd result, in my view. While the Supreme Court did state in Overstreet that it was bound to follow that literal language where a defendant was incarcerated, I think that situation is quite different.
I note that the legislature never amended section 775.084(2), Florida Statutes, to include offenses committed while incarcerated, but the legislature did amend the statute to apply to offenses committed while community control. Ch. 98-204, § 12, Laws of Florida. In my view, the 1998 amendment demonstrates legislative intent that the decision in Overstreet was incorrect to the extent it could be read to include cases such as this, because community control is another, more punitive form of probation. See, e.g., Lowry v. Parole & Probation Comm’n, 473 So.2d 1248, 1250 (Fla.1985) (noting that where the legislature amends statute recently after Supreme Court decision interpreting original act, later amendment can constitute evidence of legislative intent of original act). Although the legislature did not act “soon” after the Overstreet decision, it did act before any court extended Over-street, as the majority does here and the Third District did in Benton. Thus, I think it is reasonable to read the 1997 statute to include crimes committed while under the sanction of community control, under the rubric of “probation.” More importantly, in my view, I find that probation and community control are so similar as to be indistinguishable in terms of *49 supervised release, thus making the majority’s opinion here and the Third District Court’s decision in Benton unsound. Under both the Criminal Punishment Code and the Sentencing Guidelines, probation and community control are scored equally as “Supervised Release” status. In 1997, when Appellant committed the new crime while under the sanction of community control, section 921.0011(6), Florida Statutes, defined community sanction to “include: (a) Probation; (b) Community control; (c) Pretrial intervention or diversion.” (emphasis added). Thus, under the controlling law, the legislature classified Appellant’s status as “community sanction” no differently than probation.
In my view, Appellant’s offenses committed while under the status of community control did meet the relevant criteria of section 775.084(2), Florida Statutes, for sentencing under the Habitual Offender Act. While Justice McDonald’s dissent did not carry the day in Overstreet, that opinion has far more persuasive force here, where Appellant was serving community control rather than incarceration. I would affirm.