NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MADISON AT SOHO II )
CONDOMINIUM ASSOCIATION, )
INC., a Florida not-for-profit corporation, )
)
Appellant, )
)
v. ) Case No. 2D15-2067
)
DEVO ACQUISITION )
ENTERPRISES, LLC, a Florida limited )
liability company, )
)
Appellee. )
_____ )

Opinion filed August 24, 2016.

Appeal from the Circuit Court for
Hillsborough County; Frank A. Gomez,
Judge.

Jacob A. Brainard and Scott Davis of
Business Law Group, P.A., Tampa,
for Appellant.

Shazia N. Sparkman of Sparkman &
Sparkman, P.A., Tampa, for Appellee.


BADALAMENTI, Judge.

## I. INTRODUCTION

Madison at SoHo II Condominium Association, Inc. (the Association) sued Devo Acquisition Enterprises, LLC (Devo), for foreclosure or a money judgment, alleging that Devo was liable for $40,645.70 in unpaid condominium fees and assessments. Devo argued that the Association's acceptance of Devo's $2412 payment constituted an accord and satisfaction of that debt, pursuant to section 673.3111, Florida Statutes (2014). The Association countered that accord and satisfaction principles were inapplicable to the collection of unpaid fees and assessments under section 718.116(3), Florida Statutes (2014). While the litigation was pending in the trial court, this court decided St. Croix Lane Trust v. St. Croix at Pelican Marsh Condominium Ass'n, 144 So. 3d 639 (Fla. 2d DCA 2014), review denied, 160 So. 3d 898 (Fla. 2015). In St. Croix Lane Trust, we held that section 718.116(3), the text of which is incorporated into the Association's Declaration of Condominium (Declaration), did not operate to limit or alter the law concerning accord and satisfaction. Id. at 643. Relying upon St. Croix Lane Trust, the trial court granted summary judgment to Devo.

During the pendency of this appeal and in the legislative session immediately following our St Croix Lane Trust decision, the legislature passed an amendment to section 718.116(3) expressly clarifying that section 718.116(3) applies notwithstanding the law of accord and satisfaction under section 673.3111. See ch. 2015-97, § 9, at 18-19, Laws of Fla. The dispositive issue in this appeal is whether this court may utilize the legislature's recent clarifying amendment to a statute, enacted during the pendency of this appeal, to interpret the pre-amended version of that statute. We answer this question in the affirmative, recognize that our decision in St. Croix Lane

<u>Trust</u> has been abrogated, reverse the grant of summary judgment to Devo, and remand to the trial court for proceedings consistent with this opinion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Initial Dispute

The Association is a not-for-profit corporation designed to manage an eponymous condominium development in Hillsborough County. Devo acquired title to unit 939B of the Association's condominium development. The previous owners of the unit had been delinquent in paying assessments and related charges to the Association. In acquiring title to the unit, Devo became jointly and severally liable for the delinquent assessments and charges under the terms of the Declaration. The Association attempted to obtain payment from Devo. In turn, Devo disputed the amount it owed.

On January 28, 2014, Devo sent the Association a proposed offer for accord and satisfaction of the contested debt, along with a corresponding check for $2412. The Association does not contest that Devo intended its check to be an accord and satisfaction of the delinquent amount owed. On February 17, 2014, the Association's counsel informed Devo by email that Devo's offer was rejected. On July 1, 2014, the Association filed a lien foreclosure complaint against Devo for failing to pay certain assessments due from November 2008 through April 2014. The Association alleged that Devo owed $28,472 in unpaid assessments, plus other associated fees and costs, for a total outstanding amount of $40,645.70. On July 21, 2014, Devo filed a verified motion to dismiss the Association's complaint. In or around October 2014, Devo discovered that the Association deposited Devo's check for $2412 two days after Devo

sent its offer of accord and satisfaction, despite the Association's previous representation that it was not accepting Devo's offer.

**B. The Court's Intervening Decision in <u>St. Croix Lane Trust</u>**

On August 8, 2014, approximately one month after the Association commenced its foreclosure action, this court issued <u>St. Croix Lane Trust</u>. In <u>St. Croix Lane Trust</u>, a condominium association sought to foreclose a lien against a condominium unit owned by a trust because of past-due assessments. 144 So. 3d at 640. The trust argued that accord and satisfaction, pursuant to section 673.3111, occurred when the condominium association deposited the trust's $840 check in full satisfaction of the more than $36,000 in various assessments and fees owed to the condominium. <u>St. Croix Lane Tr.</u>, 144 So. 3d at 642. The trial court granted summary judgment in favor of the condominium association, ruling that section 718.116(3), Florida Statutes (2011), rendered ineffective any accord and satisfaction offered by the trust. <u>Id.</u> at 641. At the time of the controversy in <u>St. Croix Lane Trust</u>, section 718.116(3) read, in pertinent part:

> Any payment received by an association must be applied first to any interest accrued by the association, then to any administrative late fee, then to any costs and reasonable attorney's fees incurred in collection, and then to the delinquent assessment. <u>The foregoing is applicable notwithstanding any restrictive endorsement, designation, or instruction placed on or accompanying a payment</u>.

(Emphasis added.) Thus, the trial court in <u>St. Croix Lane Trust</u> held that when a condominium association negotiates a check, the order of priority set out in section 718.116(3) governs how the check must be applied to amounts due, irrespective of the law of accord and satisfaction.

On appeal, this court disagreed, holding that nothing in section 718.116(3)'s legislative history revealed any intention to make the accord and satisfaction principles set forth in section 673.3111 inapplicable to condominium associations. St. Croix Lane Tr., 144 So. 3d at 643. In particular, we did not entertain the condominium association's argument that the term "restrictive endorsement" applied to accord and satisfaction. Id. We also noted that a case from the Third District, Ocean Two Condominium Ass'n v. Kliger, 983 So. 2d 739, 741 (Fla. 3d DCA 2008), could be read to reach the opposite construction. St. Croix Lane Tr., 144 So. 3d. at 643. However, we distinguished Kliger on its facts and on the apparent unavailability of legislative materials to aid the Kliger court in its analysis. See St. Croix Lane Tr., 144 So. 3d at 643-44.

**C. The Trial Court Grants Summary Judgment in Favor of Devo**

On October 9, 2014, after discovering that the Association had deposited Devo's $2412 check, Devo filed an amended motion to dismiss, alleging in part that the negotiation of Devo's check operated as accord and satisfaction, and citing this court's decision in St. Croix Lane Trust for support. On November 12, 2014, Devo filed an answer and affirmative defenses. Devo's first affirmative defense was accord and satisfaction, pursuant to section 673.3111. On November 18, 2014, the trial court denied Devo's amended motion to dismiss.

On February 10, 2015, Devo moved for summary judgment. This motion again alleged, in part, that accord and satisfaction occurred pursuant to section 673.3111, and again cited St. Croix Lane Trust for support. On April 1, 2015, the trial court heard argument on Devo's motion for summary judgment. At the hearing, Devo

reiterated its point concerning accord and satisfaction. The Association pointed to paragraph 13.10 of its Declaration and argued that St. Croix Lane Trust did not apply because it concerned statutory interpretation, whereas the litigation concerned contractual interpretation. Paragraph 13.10, which tracks the statutory language of section 718.116(3), reads:

> 13.10 Application of Payments. Any payments received by the Association from a delinquent Unit Owner shall be applied first to any interest accrued on the delinquent installment(s) as aforesaid, then to any administrative late fees, then to any costs and reasonable attorneys' fees incurred in collection and then to the delinquent and any accelerated Assessments. The foregoing shall be applicable notwithstanding any restrictive endorsement, designation or instruction placed on or accompanying a payment.

(Emphasis added.) The Association argued that this contractual language precluded accord and satisfaction, even though St. Croix Lane Trust held that the same language in section 718.116(3) had no such effect. In the alternative, counsel for the Association alerted the trial court that the legislature was considering an amendment to section 718.116(3). In the words of the Association's counsel, this amendment would "overrule the St. Croix Lane Trust decision and include accord and satisfaction designations within the statutory language, and it also includes a sentence that says, 'This is intended to clarify existing law.' " Devo replied by arguing that the Association should not be able to contract around a clearly unfavorable statutory interpretation, and that the trial court should not rule on an amendment which had yet to pass the legislature. After the hearing, the trial court granted summary judgment to Devo on the grounds that "a full accord and satisfaction took place pursuant to Florida Statutes."

**D. The Clarifying Amendment to Section 718.116(3)**

On June 2, 2015, the clarifying amendment, which the Association had pointed out to the trial court was pending in the legislature, was approved by the governor after passing both houses of the legislature. See ch. 2015-97, § 9, at 18-19, Laws of Fla. The approval occurred almost one month after Devo filed its notice of appeal, two months after the trial court had granted summary judgment, and ten months after this court decided St. Croix Lane Trust. As amended, the pertinent part of section 718.116(3) now reads as follows:

> (3) Any payment received by an association must be applied first to any interest accrued by the association, then to any administrative late fee, then to any costs and reasonable attorney fees incurred in collection, and then to the delinquent assessment. The foregoing is applicable notwithstanding s. 673.3111, any purported accord and satisfaction, or any restrictive endorsement, designation, or instruction placed on or accompanying a payment. The preceding sentence is intended to clarify existing law. A late fee is not subject to chapter 687 or s. 718.303(4).

(Emphasis added.) With the passage of this amendment during the pendency of this appeal, the Association's position on appeal shifted from its primary position in the trial court. Whereas the Association once argued that the statutory language should not trump the language of its Declaration, it now argues that the recent statutory amendment to section 718.116(3) clarified the legislature's original intent and should therefore result in reversal. Devo argues that reversal in this case would be an improper retroactive application of a substantive change in law. We address these arguments in turn.

## III. ANALYSIS

**A. Utilization of a Legislature's Amendment of a Statute Enacted Shortly After a Controversy Arises Regarding the Interpretation of the Statute**

Florida courts have "the right and the duty" to consider the legislature's recently enacted statute clarifying its intent in a prior version of a statute, which was passed soon after a controversy arose in the interpretation of that original, pre-amended statute. Ivey v. Chicago Ins. Co., 410 So. 2d 494, 497 (Fla. 1982) (quoting Gay v. Canada Dry Bottling Co. of Fla., 59 So. 2d 788, 790 (Fla. 1952)); Finley v. Scott, 707 So. 2d 1112, 1116-17 (Fla. 1998) (first citing Parole Comm'n v. Cooper, 701 So. 2d 543 (Fla. 1997); then citing Lowry v. Parole & Prob. Comm'n, 473 So. 2d 1248, 1250 (Fla. 1985)). "When the legislature amends a statute shortly after controversy has arisen over its interpretation, the amendment can be considered an interpretation of the original law, not a substantive change." Essex Ins. Co. v. Integrated Drainage Sols., Inc., 124 So. 3d 947, 952 (Fla. 2d DCA 2013) (citing Metropolitan Dade County v. Chase Fed. Hous. Corp., 737. So. 2d. 494, 503 (Fla. 1999)); see also Lowry, 473 So. 2d at 1250.

At first blush, it may appear that a court's consideration of a legislature's clarification of its intent with regard to the passage of an earlier statute is akin to retroactively applying an amended statute to pending litigation, which has the potential to create constitutional concerns. See Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n, 67 So. 3d 187, 195 (Fla. 2011) (explaining that there is a presumption against the retroactive application of substantive statutory amendments). This is not the situation here. The legislature's clarification of a statute is a tool of statutory construction that can be used to guide the interpretation of the pre-amended version of the statute. See

Leftwich v. Fla. Dep't of Corr., 148 So. 3d 79, 83 (Fla. 2014) (explaining that "if the Legislature amends a statute shortly after a controversy arises with respect to the interpretation of the statute, then the amendment may be considered to be a legislative interpretation of the original statute rather than a substantive change to the statute" (citing Lowry, 473 So. 2d at 1250)); Essex Ins. Co., 124 So. 3d at 952.

Thus, the legislature's clarification of the prior version of a statute after a recent controversy, such as a court's interpretation of the statute in contravention of the legislature's intent, is permissible. See Finley, 707 So. 2d at 1116 (first citing Cooper, 701 So. 2d at 544; then citing Lowry, 473 So. 2d at 1250)). This distinction is emphasized by the fact that, when the Florida Supreme Court has had occasion to simultaneously consider retroactivity and the recent controversy rule, it has treated the recent controversy rule as an inquiry that is distinct from retroactive application of an amended statute. See Leftwich, 148 So. 3d at 83-84 (treating the recent controversy rule as distinct from retroactive application of a criminal statute under the Ex Post Facto Clause); Metropolitan Dade County, 737 So. 2d at 502-03 (treating the application of controversy rule as distinct from the retroactive application of an amended statute). The Association asks us to revisit our prior construction of the pre-amended section 718.116(3), not to retroactively apply a newer version of section 718.116(3). Because we are applying the legislature's amendment, which clarified the legislature's intent in a prior version of a statute after a recent controversy, we do not apply retroactivity principles here. This is because retroactive application of a statute is not the inquiry before us. See generally Devon Neighborhood Ass'n, 67 So. 3d at 195. Devo's

mention of its vested rights as they relate to the second prong of the retroactivity test is therefore inapposite.

## B. The Application of Stare Decisis to the Recent Controversy Rule

Now that we have established that statutory construction, not retroactive application, is the task before us, we must explain how stare decisis interacts with the recent controversy rule. Devo argues that because St. Croix Lane Trust was good law at the time of the final judgment in this case, the trial court made the correct decision. Devo suggests that it would be unfair to reverse the trial court simply for applying binding precedent.

"[C]oncerns about maintaining settled law are strong when the question is one of statutory interpretation." Leegin Creative Leather Prods., Inc. v. PSKS, Inc., 551 U.S. 877, 899 (2007) (citing Hohn v. United States, 524 U.S. 236, 251 (1998)). "When a court has interpreted a statute . . . and the Legislature does nothing to suggest that the interpretation does not effectuate legislative intent, there is ordinarily no good reason to alter the interpretation." Clark v. State, 823 So. 2d 809, 811 (Fla. 1st DCA 2002) (emphasis added) (first citing State v. Hall, 641 So. 2d 403, 405 (Fla.1994); then citing B & L Servs. v. Coach USA, 791 So. 2d 1138, 1142 (Fla. 1st DCA 2001)). But in the case before us, the legislature did not do "nothing." It instead passed legislation effectuating its intent shortly after our decision in St. Croix Lane Trust. And, to the Association's credit, it brought to the trial court's attention that there was legislation in the works which would amend section 718.116(3).

That is, upon this court's decision in St. Croix Lane Trust, the bill amending section 718.116(3) was introduced into the legislature six months later and,

upon passage, received final gubernatorial approval.  See Bill History, CS/CS/HB 0791 (2015), https://www.flsenate.gov/Session/Bill/2015/791/?Tab=BillHistory (last visited June 23, 2016).  The plain language of the amended section 718.116(3) states that the order of priority for delinquent payments laid out in the statute "is applicable notwithstanding [section] 673.3111" or "any purported accord and satisfaction."  The amended section 718.116(3) then states, "The preceding sentence is intended to clarify existing law."[1]

It is clear to us that the legislature amended section 718.116(3) in response to a recent controversy arising out of our construction of that statute in St. Croix Lane Trust, and our disavowal in St. Croix Lane Trust of a possibly contrary construction in Kliger as dicta.  The clear legislative directives, coupled with the close temporal proximity of the amendment to St. Croix Lane Trust, leave no room for any other reasonable conclusion.  Of course, there may be some length of time between a controversy and legislative action which precludes the controversy from being considered "recent."  But the fact that this amendment passed in the legislative session immediately following St. Croix Lane Trust clearly distinguishes the present case from the most egregious counterexamples imaginable.  See, e.g., State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 62 (Fla. 1995) ("It would be absurd . . . to consider legislation enacted more than ten years after the original act as a clarification of original intent . . . .").  Hence, we believe it is proper to reexamine St. Croix Lane Trust in light of

_____

[1]The legislative staff analyses, for those who choose to rely on them, highlight that the purpose of the amendment was to apply the payment structure in section 718.116(3) "in spite of" any accord and satisfaction, and that this amendment was "intended to clarify existing law."  See, e.g., Fla. H.R. Subcomm. on Civ. Just., CS/CS/HB 0791 (2015), Final Bill Analysis 3 (June 4, 2015).

the legislature's recent clarification of its intent. After all, "[a] court's purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction." Larimore v. State, 2 So. 3d 101, 106 (Fla. 2008) (citing Bautista v. State, 863 So. 2d 1180, 1185 (Fla. 2003)).

## C. A Reexamination of St. Croix Lane Trust

Having distinguished retroactive application from the recent controversy rule and having explained why the recent legislative clarification to section 718.116(3) permits us to reexamine our precedent, we now must revisit our St. Croix Lane Trust decision. We do so with the benefit of hindsight and the legislature's recent clarifying amendment.

The opinion in St. Croix Lane Trust sought to determine whether the language in section 718.116(3) concerning a "restrictive endorsement, designation or instruction placed on or accompanying a payment" meant that the payment procedure for delinquent assessments in the statute applied despite accord and satisfaction. 144 So. 3d at 642. Our analysis of this question in St. Croix Lane Trust contains an inquiry into legislative intent principally guided by section 718.116(3)'s legislative history. Id. at 643. Finding no indication in the legislative materials that section 718.116(3) was meant to abrogate accord and satisfaction, we decided that it was not meant to do so.

"To discern legislative intent, a court must look first and foremost at the actual language used in the statute." Larimore, 2 So. 3d at 106 (emphasis added) (citing Bautista, 863 So. 2d at 1185). As previously noted, the version of section 718.116(3) analyzed by the St. Croix Lane Trust court contained the phrase "restrictive endorsement." A restrictive endorsement is nothing more than an endorsement which

- 12 -

"includes a condition . . . or any other language restricting further negotiation." *Restrictive Indorsement*, Black's Law Dictionary 893 (10th ed. 2014).[2]  A proper offer of accord and satisfaction contains such a condition in the form of a "conspicuous statement" that an offer "was tendered as full satisfaction of the claim."  § 673.3111(2). Florida case law acknowledges that accord and satisfaction results "when an offeree accepts a payment which is tendered <u>only on the express condition</u> that its receipt is to be deemed a complete satisfaction of a disputed claim."  Hannah v. James A. Ryder Corp., 380 So. 2d 507, 509-10 (Fla. 3d DCA 1980) (emphasis added); see also St. Mary's Hosp., Inc. v. Schocoff, 725 So. 2d 454, 456 (Fla. 4th DCA 1999); Republic Funding Corp. of Fla. v. Juarez, 563 So. 2d 145, 147 (Fla. 5th DCA 1990).

Courts in Florida and elsewhere have plainly characterized statements that an offer was tendered in full satisfaction of a disputed claim as restrictive endorsements.  See, e.g., E & S Realty, Inc. v. Am. Equity Int'l Corp., 478 So. 2d 1160, 1160 (Fla. 3d DCA 1985); Jobear, Inc. v. Dewind Mach. Co., 402 So. 2d 1357, 1358 (Fla. 4th DCA 1981); Yelen v. Cindy's, Inc., 386 So. 2d 1234, 1235 (Fla. 3d DCA 1980); see also Rhone v. State Auto. Mut. Ins. Co., 858 F.2d 1507, 1511 (11th Cir. 1988); Anderson v. Rosebrook, 737 P.2d 417, 419 (Colo. 1987); Didriksen v. Sewerage & Water Bd., 527 So. 2d 319, 321 (La. Ct. App. 1988); Hixson v. Cox, 633 S.W.2d 330, 331 (Tex. App. 1982).  Our interpretation of "restrictive endorsement," guided by the legislature's recent clarifying amendment, leaves only one possible outcome.  The legislature abrogated our interpretation of section 718.116(3) in St. Croix Lane Trust.

---

[2]For clarity's sake, we note that this entry in Black's Law Dictionary recognizes that "indorsement" is sometimes spelled "endorsement."

**D. Application of the Clarifying Amendment to this Appeal**

It is of little consequence that the Association's initial argument was based in contract. This is not a case where the contractual language possesses a "scope independent of the proper construction of the statute" based on some specific facts or the intent of the parties at formation. Pennzoil Co. v. F.E.R.C., 645 F.2d 360, 386 n.54 (5th Cir. 1981) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 678 (1950)). In the absence of evidence that the Association and Devo intended to execute a contract beyond the scope of section 718.116(3), it is proper to look to evidence of the meaning of section 718.116(3) in seeking to determine the meaning of a contract which mimics that statute. See Smith v. Reverse Mortg. Sols., Inc., 40 Fla. L. Weekly D1624, D1625 (Fla. 3d DCA July 15, 2015) ("We are compelled to construe a contract consistent with specific statutes that regulate and govern the contract."); Westside EKG Assocs. v. Found. Health, 932 So. 2d 214, 216 (Fla. 4th DCA 2005) ("[W]hen parties contract upon a matter which is the subject of statutory regulation, the parties are presumed to have entered into their agreement with reference to such statute, which becomes a part of the contract, unless the contract discloses a contrary intention.").

Section 718.116(3), and by extension paragraph 13.10 of the Declaration, is not impacted by Devo's offer of accord and satisfaction. As evidenced by the legislature's clarifying amendment, it clearly intended for section 718.116(3) to function this way all along. Accordingly, the Association's depositing Devo's check did not provide grounds for granting summary judgment in favor of Devo.

- 14 -

## IV.  CONCLUSION

Guided by the legislature's recent clarification of section 718.116(3), our preceding analysis leads us to reverse the decision of the trial court and conclude that our prior interpretation of section 718.116(3)'s holding in St. Croix Lane Trust has been abrogated by the legislature's recent clarifying amendment.

Reversed; remanded for proceedings consistent with this opinion.

WALLACE and LaROSE, JJ., Concur.